PKC:MBM/SD
F.# 2010R01683

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JAIME GRANADOS-RENDON,
    also known as "Sergio
    Granados,"
RAUL GRANADOS-RENDON,
    also known as "Raul Granados-
    Rojas" and "Raul Contreras,"
JOSE GRANADOS-ROJAS,
    also known as "Jose Granados-
    Rendon,"
MARIA BEATRIZ RENDON-CORONA,
    also known as "Porfiria,"
MAGDALENA HERNANDEZ-MAXIMILIANO,
    also known as "Elena,"
ANTONIO LIRA-ROBLES,
    also known as "Conyaco" and
    "Ricardo," and
PAULINO RAMIREZ-GRANADOS,
    also known as "Pascuel
    Ramirez," "Pato," "Filomone"
    and "Miguel,"

          Defendants.

- - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____
(T. 8, U.S.C., §§
1324(a)(1)(A)(v)(I),
1324(a)(1)(B)(i) and
1324(a)(2)(B)(ii);
T. 18, U.S.C., §§ 371,
981(a)(1)(C), 982,
982(a)(6),
1591(a)(1)(2008),
1591(a)(1), 1591(a)(2)
(2008), 1591(a)(2),
1591(b)(1)(2008),
1591(b)(1), 1591(b)(2)
(2008), 1594(c),
1594(d)(1), 1594(d)(2),
1952(a)(3)(A), 1956(h), 2
and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Sex Trafficking Conspiracy)

    1.    In or about and between October 2000 and December

2008, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants JAIME

GRANADOS-RENDON, also known as "Sergio Granados," RAUL GRANADOS-

RENDON, also known as "Raul Granados-Rojas" and "Raul Contreras," JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," MARIA BEATRIZ RENDON-CORONA, also known as "Porfiria," MAGDALENA HERNANDEZ-MAXIMILIANO, also known as "Elena," ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," and PAULINO RAMIREZ-GRANADOS, also known as "Pascuel Ramirez," "Pato," "Filomone" and "Miguel," together with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide and obtain by any means one or more persons, in and affecting interstate and foreign commerce, and to benefit, financially and by receiving things of value, from participation in a venture that engaged in such acts, knowing that force, fraud and coercion, as described in Title 18, United States Code, Section 1591(c)(2) (2008), would be used to cause such persons to engage one or more commercial sex acts, contrary to Title 18, United States Code, Sections 1591(a)(1) (2008) and 1591(a)(2) (2008).

2.    In furtherance of the conspiracy, and to effect its objects, within the Eastern District of New York and elsewhere, the defendants, together with others, committed and caused to be committed, among others, the following:

OVERT ACTS

a.    In or about March 2002, the defendant JAIME GRANADOS-RENDON arranged for Jane Doe 2, an individual whose

2

identity is known to the Grand Jury, to be smuggled to New York City from Mexico.

b. In or about April 2003, the defendant JOSE GRANADOS-ROJAS, together with others, arranged for Jane Doe 3, an individual whose identity is known to the Grand Jury, to be smuggled to Queens, New York from Mexico.

c. In or about June 2005, the defendant JAIME GRANADOS-RENDON arranged for the defendant RAUL GRANADOS-RENDON accompany Jane Doe 2 from the United States to Mexico.

d. In or about June 2005, the defendant RAUL GRANADOS-RENDON traveled with Jane Doe 2 from the United States to Mexico.

e. On or about September 28, 2005, the defendant ELENA HERNANDEZ MAXIMILIANO received $1,050 via wire transfer in Mexico from a co-conspirator, whose identity is known to the Grand Jury.

f. On or about June 5, 2006, the defendant MARIA BEATRIZ RENDON-CORONA received $1,600 via wire transfer in Mexico from the defendant JAIME GRANADOS-RENDON.

g. In or about June 2008, the defendants ANTONIO LIRA-ROBLES and PAULINO RAMIREZ-GRANADOS arranged for Jane Doe 1, an individual whose identity is known to the Grand Jury, to be smuggled to Queens, New York from Mexico.

(Title 18, United States Code, Sections 371 and 3551 <u>et</u> <u>seq</u>.)

3

## COUNT TWO
(Sex Trafficking Conspiracy)

3.    In or about and between January 2009 and June
2011, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants JAIME
GRANADOS-RENDON, also known as "Sergio Granados," RAUL GRANADOS-
RENDON, also known as "Raul Granados-Rojas" and "Raul Contreras,"
JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," MARIA
BEATRIZ RENDON-CORONA, also known as "Porfiria," MAGDALENA
HERNANDEZ-MAXIMILIANO, also known as "Elena," ANTONIO LIRA-
ROBLES, also known as "Conyaco" and "Ricardo," and PAULINO
RAMIREZ-GRANADOS, also known as "Pascuel Ramirez," "Pato,"
"Filomone" and "Miguel," together with others, did knowingly and
intentionally conspire to recruit, entice, harbor, transport,
provide, obtain and maintain by any means one or more persons, in
and affecting interstate and foreign commerce, and to benefit,
financially and by receiving things of value, from participation
in a venture which engaged in such acts, knowing, and in reckless
disregard of the fact, that means of force, threats of force,
fraud and coercion, as described in Title 18, United States Code,
Section 1591(e)(2), and a combination of such means would be used
to cause such persons to engage in one or more commercial sex
acts, contrary to Title 18, United States Code, Sections
1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c) and
3551 et seq.)

4

## COUNT THREE
(Sex Trafficking - Jane Doe 1)

4.     In or about and between October 2000 and October

2009, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendant ANTONIO

LIRA-ROBLES, also known as "Conyaco," and PAULINO RAMIREZ-

GRANADOS, also known as "Pascuel Ramirez," "Pato," "Filomone" and

"Miguel," together with others, did knowingly and intentionally

recruit, entice, harbor, transport, provide, obtain and maintain

by any means a person, to wit: Jane Doe 1, in and affecting

interstate and foreign commerce, and benefit, financially and by

receiving one or more things of value, from participation in a

venture which engaged in one or more such acts, knowing, and in

reckless disregard of the fact, that means of force, threats of

force, fraud and coercion, as described in Title 18, United

States Code, Section 1591(e)(2), and a combination of such means

would be used to cause Jane Doe 1 to engage in one or more

commercial sex acts, which offense was effected by such means of

force, threats of force, fraud, coercion and a combination of

such means.

(Title 18, United States Code, Sections 1591(a)(1)

(2008) and 1591(a)(1), 1591(a)(2) (2008) and 1591(a)(2),

1591(b)(1) (2008) and 1591(b)(1), 2 and 3551 <u>et</u> <u>seq</u>.)

COUNT FOUR
(Sex Trafficking - Jane Doe 2)

5.     In or about and between February 2002 and August
2007, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants JAIME
GRANADOS-RENDON, also known as "Sergio Granados," RAUL GRANADOS-
RENDON, also known as "Raul Granados-Rojas" and "Raul Contreras,"
JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," and
MAGDALENA HERNANDEZ-MAXIMILIANO, also known as "Elena," together
with others, did knowingly and intentionally recruit, entice,
harbor, transport, provide and obtain by any means a person, to
wit: Jane Doe 2, in and affecting interstate and foreign
commerce, and benefit, financially and by receiving one or more
things of value, from participation in a venture which engaged in
one or more such acts, knowing that force, fraud and coercion, as
described in Title 18, United States Code, Section 1591(c)(2)
(2008), would be used to cause Jane Doe 2 to engage in one or
more commercial sex acts, which offense was effected by force,
fraud and coercion.

        (Title 18, United States Code, Sections 1591(a)(1)
(2008), 1591(a)(2) (2008), 1591(b)(1) (2008), 2 and 3551 et seq.)

COUNT FIVE
(Sex Trafficking - Jane Doe 3)

6.     In or about and between 2002 and 2008, both dates
being approximate and inclusive, within the Eastern District of

6

New York and elsewhere, the defendants JAIME GRANADOS-RENDON, also known as "Sergio Granados," JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," MAGDALENA HERNANDEZ-MAXIMILIANO, also known as "Elena," ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," and PAULINO RAMIREZ-GRANADOS, also known as "Pascuel Ramirez," "Pato," "Filomone" and "Miguel," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe 3, in and affecting interstate and foreign commerce, and benefit, financially and by receiving one or more things of value, from participation in a venture which engaged in one or more such acts, knowing that force, fraud and coercion, as described in Title 18, United States Code, Section 1591(c)(2) (2008), would be used to cause Jane Doe 3 to engage in one or more commercial sex acts, which offense was effected by force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1) (2008), 1591(a)(2) (2008), 1591(b)(1) (2008), 2 and 3551 et seq.)

## COUNT SIX
### (Sex Trafficking - Jane Doe 4)

7.     In or about and between January 2003 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAIME GRANADOS-RENDON, also known as "Sergio Granados," RAUL GRANADOS-RENDON, also known as "Raul Granados-Rojas" and "Raul Contreras,"

7

JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," and MARIA BEATRIZ RENDON-CORONA, also known as "Porfiria," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe 4, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and benefit, financially and by receiving one or more things of value, from participation in a venture which engaged in one or more such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause Jane Doe 4 to engage in one or more commercial sex acts, which offense was effected by such means of force, threats of force, fraud, coercion and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1) (2008) and 1591(a)(1), 1591(a)(2) (2008) and 1591(a)(2), 1591(b)(1) (2008) and 1591(b)(1), 2 and 3551 et seq.)

COUNT SEVEN
(Sex Trafficking - Jane Doe 5)

8.     In or about and between January 2005 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAIME GRANADOS-RENDON, also known as "Sergio Granados," JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," MAGDALENA HERNANDEZ-

8

MAXIMILIANO, also known as "Elena," and MARIA BEATRIZ RENDON-CORONA, also known as "Porfiria," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe 5, an individual whose identity is known to the Grand Jury and who had not attained the age of 14 years at the time of such offense, in and affecting interstate and foreign commerce, and benefit, financially and by receiving one or more things of value, from participation in a venture which engaged in one or more such acts, knowing that (1) force, fraud and coercion, as described in Title 18, United States Code, Section 1591(c)(2) (2008), would be used to cause Jane Doe 5 to engage in one or more commercial sex acts, and (2) Jane Doe 5 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, which offense was effected by force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1) (2008), 1591(a)(2) (2008), 1591(b)(1) (2008), 1591(b)(2) (2008), 2 and 3551 et seq.)

## COUNT EIGHT
(Sex Trafficking - Jane Doe 6)

9.     In or about and between April 2009 and October 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," and MARIA BEATRIZ RENDON-CORONA, also known as "Porfiria," together with

9

others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe 6, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and benefit, financially and by receiving one or more things of value, from participation in a venture which engaged in one or more such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause Jane Doe 6 to engage in one or more commercial sex acts, which offense was effected by such means of force, threats of force, fraud, coercion and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT NINE
(Sex Trafficking - Jane Doe 7)

10.   In or about and between September 2009 and August 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe 7, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign

10

commerce, and benefit, financially and by receiving one or more things of value, from participation in a venture which engaged in one or more such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause Jane Doe 7 to engage in one or more commercial sex acts, which offense was effected by such means of force, threats of force, fraud, coercion and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

COUNT TEN
(Sex Trafficking - Jane Doe 8)

11. In or about and between April 2010 and April 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," and MAGDALENA HERNANDEZ-MAXIMILIANO, also known as "Elena," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe 8, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and benefit, financially and by receiving one or more things of value, from participation in a venture which engaged in one or more such acts, knowing, and in reckless disregard of the fact,

11

that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause Jane Doe 8 to engage in one or more commercial sex acts, which offense was effected by such means of force, threats of force, fraud, coercion and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT ELEVEN
(Conspiracy to Smuggle Aliens)

12.    In or about and between October 1998 and May 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAIME GRANADOS-RENDON, also known as "Sergio Granados," RAUL GRANADOS-RENDON, also known as "Raul Granados-Rojas" and "Raul Contreras," JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," MAGDALENA HERNANDEZ-MAXIMILIANO, also known as "Elena," MARIA BEATRIZ RENDON-CORONA, also known as "Porfiria," ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," and PAULINO RAMIREZ-GRANADOS, also known as "Pascuel Ramirez," "Pato," "Filomone" and "Miguel," together with others, knowing that one or more persons were aliens, did knowingly and intentionally conspire to bring to the United States such persons at a place

12

other than a designated port of entry, contrary to Title 8, United States Code, Section 1324(a)(1)(A)(i).

(Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWELVE
(Alien Smuggling for Financial Gain - Jane Doe 5)

13. In or about November 2005, within the Eastern District of New York and elsewhere, the defendants JAIME GRANADOS-RENDON, also known as "Sergio Granados," JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," MAGDALENA HERNANDEZ-MAXIMILIANO, also known as "Elena," and MARIA BEATRIZ RENDON-CORONA, also known as "Porfiria," together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 5, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 5, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

13

## COUNT THIRTEEN
(Alien Smuggling for Financial Gain - Jane Doe 3)

14. In or about 2006, within the Eastern District of New York and elsewhere, the defendant JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 3, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 3, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOURTEEN
(Alien Smuggling for Financial Gain - Jane Doe 2)

15. In or about March 2007, within the Eastern District of New York and elsewhere, the defendant JAIME GRANADOS-RENDON, also known as "Sergio Granados," together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 2, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States

14

Jane Doe 2, which offense was done for the purpose of commercial
advantage and private financial gain.

(Title 8, United States Code, Section
1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and
3551 et seq.)

### COUNT FIFTEEN
(Alien Smuggling for Financial Gain - Jane Doe 1)

16.   In or about June 2008, within the Eastern District
of New York and elsewhere, the defendant ANTONIO LIRA-ROBLES,
also known as "Conyaco" and "Ricardo," and PAULINO RAMIREZ-
GRANADOS, also known as "Pascuel Ramirez," "Pato," "Filomone" and
"Miguel," together with others, knowing and in reckless disregard
of the fact that an alien, to wit: Jane Doe 1, had not received
prior official authorization to come to, enter or reside in the
United States, did knowingly and intentionally bring and attempt
to bring to the United States Jane Doe 1, which offense was done
for the purpose of commercial advantage and private financial
gain.

(Title 8, United States Code, Section
1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and
3551 et seq.)

### COUNT SIXTEEN
(Alien Smuggling for Financial Gain - Jane Doe 4)

17.   In or about June 2008, within the Eastern District
of New York and elsewhere, the defendants JAIME GRANADOS-RENDON,

15

also known as "Sergio Granados," and JOSE GRANADOS-ROJAS, also
known as "Jose Granados-Rendon," together with others, knowing
and in reckless disregard of the fact that an alien, to wit: Jane
Doe 4, had not received prior official authorization to come to,
enter or reside in the United States, did knowingly and
intentionally bring and attempt to bring to the United States
Jane Doe 4, which offense was done for the purpose of commercial
advantage and private financial gain.

(Title 8, United States Code, Section
1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and
3551 et seq.)

## COUNT SEVENTEEN
(Alien Smuggling for Financial Gain - Jane Doe 6)

18.  In or about May 2009, within the Eastern District
of New York and elsewhere, the defendants JOSE GRANADOS-ROJAS,
also known as "Jose Granados-Rendon," and MARIA BEATRIZ RENDON-
CORONA, also known as "Porfiria," together with others, knowing
and in reckless disregard of the fact that an alien, to wit: Jane
Doe 6, had not received prior official authorization to come to,
enter or reside in the United States, did knowingly and
intentionally bring and attempt to bring to the United States

16

Jane Doe 6, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT EIGHTEEN
(Alien Smuggling for Financial Gain - Jane Doe 7)

19. In or about May 2010, within the Eastern District of New York and elsewhere, the defendant JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 7, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 7, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINETEEN
(Alien Smuggling for Financial Gain - Jane Doe 8)

20. In or about August 2010, within the Eastern District of New York and elsewhere, the defendants JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," and MAGDALENA HERNANDEZ-MAXIMILIANO, also known as "Elena," together with

17

others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 8, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 8, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT TWENTY
(Conspiracy to Import Aliens for Immoral Purposes)

21. In or about and between October 1998 and June 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAIME GRANADOS-RENDON, also known as "Sergio Granados," RAUL GRANADOS-RENDON, also known as "Raul Granados-Rojas" and "Raul Contreras," JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," MARIA BEATRIZ RENDON-CORONA, also known as "Porfiria," MAGDALENA HERNANDEZ-MAXIMILIANO, also known as "Elena," ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," and PAULINO RAMIREZ-GRANADOS, also known as "Pascuel Ramirez," "Pato," "Filomone" and "Miguel," together with others, did knowingly and intentionally conspire to import into the United States aliens, to wit: Jane Doe 1 through Jane Doe 8, for the purpose of prostitution, and for other immoral purposes, and to maintain,

18

control, support, employ and harbor said aliens in houses and other places, to wit: one or more apartments in Queens, New York and elsewhere, for the purpose of prostitution, and for other immoral purposes, in pursuance of such illegal importation, contrary to Title 8, United States Code, Section 1328.

22. In furtherance of the conspiracy, and to effect its objects, within the Eastern District of New York and elsewhere, the defendants, together with others, committed and caused to be committed, among others, the following:

OVERT ACTS

a. In or about June 2000, the defendants ANTONIO LIRA-ROBLES and PAULINO RAMIREZ-GRANADOS arranged for Jane Doe 1 to be smuggled to Queens, New York from Mexico.

b. In or about March 2002, the defendant JAIME GRANADOS-RENDON arranged for Jane Doe 2 to be smuggled to New York City from Mexico.

c. In or about April 2003, the defendant JOSE GRANADOS ROJAS, together with others, arranged for Jane Doe 3 to be smuggled to Queens, New York from Mexico.

d. In or about October 2008, the defendant JAIME GRANADOS-RENDON used threats of violence to force Jane Doe 4 to engage in prostitution in New York.

e. In or about June 2009, a co-conspirator, whose identity is known to the Grand Jury, used threats of violence to force Jane Doe 6 to engage in prostitution in New York.

f. In or about May 2010, the defendant JOSE GRANADOS-ROJAS, together with others, arranged for Jane Doe 7 to be smuggled to New York City from Mexico.

g. In or about April 2011, a co-conspirator, whose identity is known to the Grand Jury, directed Jane Doe 8 to engage in prostitution in New York and other states.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWENTY-ONE
(Money Laundering Conspiracy)

23. In or about and between October 1998 and June 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAIME GRANADOS-RENDON, also known as "Sergio Granados," RAUL GRANADOS-RENDON, also known as "Raul Granados-Rojas" and "Raul Contreras," JOSE GRANADOS-ROJAS, also known as "Jose Granados-Rendon," MARIA BEATRIZ RENDON-CORONA, also known as "Porfiria," MAGDALENA HERNANDEZ-MAXIMILIANO, also known as "Elena," ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," and PAULINO RAMIREZ-GRANADOS, also known as "Pascuel Ramirez," "Pato," "Filomone" and "Miguel," together with others, did knowingly and

20

intentionally conspire to transport, transmit and transfer
monetary instruments and funds from a place in the United States
to and through a place outside the United States, to wit: Mexico,
(a) with the intent to promote the carrying on of specified
unlawful activity, to wit: sex trafficking, interstate and
foreign travel in-aid-of prostitution and alien smuggling, in
violation of Title 18, United States Code, Sections 1591, 1952
and 2421, and Title 8, United States Code, Section 1324, contrary
to Title 18, United States Code, Section 1956(a)(2)(A), and (b)
knowing that the monetary instruments and funds involved in the
transportation, transmission and transfer represented the
proceeds of some form of unlawful activity, and knowing that such
transportation, transmission and transfer were designed in whole
and in part to conceal and disguise the nature, the location, the
source, the ownership and the control of the proceeds of the
specified unlawful activity, and to avoid one or more transaction
reporting requirements under State and Federal law, contrary to
Title 18, United States Code, Section 1956(a)(2)(B).

(Title 18, United States Code, Sections 1956(h) and
3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE THROUGH TEN

24.    The United States hereby gives notice to the
defendants charged in Counts One through Ten that, upon
conviction of any such offense, the government will seek

21

forfeiture: (a) in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 1594(d)(2), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) in accordance with Title 18, United States Code, Section 1594(d)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, that was used or intended to be used to commit or to facilitate their commission.

25.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

22

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 981(a)(1)(C), 1594(d)(1) and 1594(d)(2); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ELEVEN THROUGH NINETEEN

26.     The United States hereby gives notice to the defendants charged in Counts Eleven through Nineteen that, upon conviction of any such offense, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any conveyance, including any vessel, vehicle, or aircraft, used in their commission; (b) Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, that constitutes or is derived from or is traceable to the gross proceeds obtained directly or indirectly from the commission of the offenses; and (c) Title 18, United States Code, Section 982(a)(6), which requires any person convicted of such offenses to forfeit any property that was used to facilitate or intended to be used to facilitate their commission.

27. If any of the above-described forfeitable
property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due
diligence;

(b) has been transferred or sold to, or deposited
with, a third party;

(c) has been placed beyond the jurisdiction of
the court;

(d) has been substantially diminished in value;
or

(e) has been commingled with other property which
cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p), to seek forfeiture of any
other property of the defendants up to the value of the
forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(6); Title
28, United States Code, Section 2461(c); Title 21, United States
Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWENTY

28. The United States hereby gives notice to the
defendants charged in Count Twenty that, upon conviction of such
offense, the government will seek forfeiture in accordance with
Title 18, United States Code, Section 981(a)(1)(C) and Title 28,
United States Code, Section 2461(c), which require any person

24

convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

29.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

25

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWENTY-ONE

30. The United States hereby gives notice to the defendants charged in Count Twenty-One that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a), of all property involved in such offense, and all property traceable to such property.

31. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any

26

other property of such defendants up to the value of the

forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982)

A TRUE BILL

*Diana D. Badillo*

FOREPERSON

*Loretta E. Lynch*

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

27

# INFORMATION SHEET

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

1.     Title of Case: <u>U.S. v. Jaime Granados-Rendon, et al.</u>

2.     Related Magistrate Docket Number(s)   _____

              None ( X )

3.     Arrest Dates:     <u>N/A/</u>

4.     Nature of offense(s):  ☐     Felony
                             ☐     Misdemeanor

5.     Related Civil or Criminal Cases - Title and Docket No(s).  (Pursuant to Rule 50.3 of the
       Local E.D.N.Y. Division of Business Rules): <u>United States v. Granados Hernandez, 11</u>
       <u>CR 297 (KAM)</u>

6.     Projected Length of Trial:    Less than 6 weeks    (X )
                                     More than 6 weeks    ( )

7.     County in which crime was allegedly committed:    <u>Queens County</u>
       (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.     Has this indictment been ordered sealed?                ( X ) Yes  ( ) No

9.     Have arrest warrants been ordered?                      (X ) Yes  ( ) No

10.    Is a capital count included in the indictment?          ( ) Yes  (X ) No


                                    LORETTA E. LYNCH
                                    UNITED STATES ATTORNEY


                          By:     _____
                                    Pamela Chen
                                    Assistant U.S. Attorney
                                    (718) 254-7575


Rev. 10/01/03